UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JONATHAN LEE SMITH, | Case No. 2:21-cv-01062-JAD-EJY |
| Plaintiff, | **ORDER** |
| v. | and |
| CLARK COUNTY DISTRICT ATTORNEY FAMILY DIVISION; INSKEEP, | **REPORT AND RECOMMENDATION** |
| Defendants. | ECF No. 1-1 (Plaintiff's Complaint) |

Pending before the Court are Plaintiff's Applications to Proceed *in forma pauperis* (ECF Nos. 1 and 3) and Plaintiff's Complaint (ECF No. 1-1). Plaintiff's *in forma pauperis* ("IFP") applications are duplicative, but complete. Accordingly, Plaintiff is granted IFP status. However, Plaintiff's Complaint fails to state a claim upon which relief may be granted. As stated in *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016), Section 1915(e)(2)(B)(iii) requires sua sponte dismissal of claims barred by absolute immunity. For this reason, as explained below, the Court recommends Plaintiff's Complaint be dismissed with prejudice.

**I.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Therefore, to survive § 1915(e)(2) review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (internal citation omitted).

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Recitation of the elements of a cause of action alone is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.  Plaintiff's Complaint

Plaintiff's Complaint states one cause of action alleging a violation of Plaintiff's Fourteenth Amendment due process rights. Plaintiff claims the Clark County District Attorney's Office, and an employee of that Office, are responsible for filing a "falsified certification to the Secretary of the Treasury" without proper notice to the Plaintiff. ECF No. 1-1 at 9-10. Plaintiff states that a majority of the funds at issue were applied to a child support court order, which Plaintiff alleges is not in his name. *Id.* at 4, 16. In contrast to Plaintiff's allegation, the letter sent to Plaintiff by the District Attorney's Office, attached to Plaintiff's Complaint, is addressed to Plaintiff at his current incarcerated location and reflects that the entire amount charged to Plaintiff, and taken from his prison account, was for child support. *Id.* at 16.

Unfortunately for Plaintiff, the District Attorney has absolute immunity for any acts that are not "manifestly or palpably beyond his authority" and "hav[e] more or less connection with the general matters committed to his control or supervision." *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 678 (9th Cir.1984) (internal quotations omitted). Further, "[t]he intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry." *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987) (internal citation omitted). Absolute prosecutorial

"immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001).

There is no dispute that the District Attorney was authorized to pursue the enforcement of the child support order. The District Attorney's activities relating to the enforcement of child support orders are an integral part of the judicial process such that they fall within the quasi-judicial function. *See Fockaert v. County of Humbolt*, Case No. C-98-2662-PJH, 1999 WL 30537, at *6 (N.D. Cal. Jan. 15, 1999) (internal citation omitted) ("Quasi-judicial immunity protects those who carry out state orders from liability in civil rights actions); *Babcock v. Tyler*, 884 F.2d 497, 501-03 (9th Cir.1989) (noting that absolute prosecutorial immunity extends to child protective services workers who execute court orders for seizure and placement of a child), *cert. denied*, 493 U.S. 1072 (1990); *Coverdell v. Department of Social & Health Servs.*, 834 F.2d 758, 764 (9th Cir. 1987); *Barnett v. Marquis*, 16 F.Supp.3d 1218, 1223-24 (D. Or. 2014) (finding employee of District Attorney's Office are entitled to absolute immunity). For this reason, Plaintiff's Complaint fails to state a claim. Moreover, any amendment to Plaintiff's Complaint would be futile as there is no set of facts that can be alleged against the Clark County District Attorney's Office that would constitute a valid and sufficient claim arising from the enforcement of a child support order. *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997).

### III.    Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's second application to proceed *in forma pauperis* (ECF No. 3) is DENIED as moot.

### IV. Recommendation

Based on the foregoing law establishing absolute immunity for the Clark County District Attorney and his employees relating to child support enforcement, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed with prejudice.

Dated this 23rd day of September, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).