UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jonathan Lee Smith,<br><br>    Plaintiff<br><br>v.<br><br>Clark County District Attorney Family Division; Inskeep,<br><br>    Defendants | Case No.: 2:21-cv-01062-JAD-EJY<br><br>**Order Adopting Report and Recommendation and Dismissing Case**<br><br>[ECF No. 7] |

    Pro se plaintiff Jonathan Lee Smith brings this civil-rights lawsuit against the Clark County District Attorney and one of its Child Support Enforcement employees, alleging that they violated his due-process rights by extracting past-due child-support obligations from his prison account.[1] Because Smith applies to proceed *in forma pauperis*, the magistrate judge screened his complaint under 28 U.S.C. § 1915(e)(2). And because the targets of this complaint are immune from this suit under the law, the magistrate judge recommends that I dismiss this action and close this case.[2] Smith objects to that recommendation.[3]

    Unfortunately, Smith's objections do not overcome the reason that this case must be dismissed. As the Nevada Supreme Court recognized in *County of Washoe, on relation of its Office of the District Attorney, Nonsupport Division v. Second Judicial District Court*, a district attorney is immune from damages for actions related to the performance of civil obligations related to child-support enforcement.[4] And the Ninth Circuit has recognized that enforcement of

---

[1] ECF No. 1-1.

[2] ECF No. 7 (report and recommendation).

[3] ECF No. 8 (objections to report and recommendation).

[4] *County of Washoe v. Second Jud. Dist. Ct.*, 652 P.2d 1175, 1176 (Nev. 1982).

child-support orders by a district attorney is an integral part of the judicial process that warrants prosecutorial immunity.[5] That immunity "is essential if prosecutors are to be able independently to perform their public duties free from fear that their actions might give rise to civil liability."[6] And "a prosecutor's post-adjudication activities also enjoy absolute immunity."[7] So the law immunizes the defendants here from Smith's suit.

Smith argues that he isn't suing for monetary damages—he's couched his claim as one "for a reparitive [sic] injunction"[8]—so that immunity does not apply. But characterizing his claim this way doesn't make it a true equitable-relief claim. Smith's complaint makes it clear that he is seeking "the return of . . . funds" collected from his account, "with interest."[9] That's money damages, not equitable relief. Plus, the request for relief in his complaint does not mention an injunction or any other type of equitable relief.[10] So the true nature of Smith's suit is monetary damages, and the defendants are immune from it.[11]

Smith also "finds it strange that the magistrate did not elaborate on the issue of due[-]process violations or the fact the D.A.'s office intentionally violated federal regulations that

---

[5] *See, e.g., Meyers v. Contra Costa County Dept. of Soc. Servs.*, 812 F.2d 1154, 1156–59 (9th Cir. 1987).

[6] *Coverdell v. Dept. of Soc. & Health Svcs.*, 834 F.2d 758, 762 (9th Cir. 1987).

[7] *Cash v. Los Angeles County Dist. Atty.*, 50 F.3d 13, *1 (9th Cir. 1995) (unpublished); *see also Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984).

[8] ECF No. 8 at 2.

[9] ECF No. 1-1 at 6.

[10] *Id*. at 15.

[11] Smith cites to the Fifth Circuit's decision in *LeClerk v. Webb*, 419 F.3d 405 (2005), for the proposition that a judge, acting in an enforcement role, is not immune from suit. But the *LeClerk* court held that this was true only for equitable-relief clams, not monetary-damages suits, so *LeClerk* does not support Smith's objection here. *See LeClerk*, 419 F.3d at 414 ("When acting in its enforcement capacity, the Louisiana Supreme Court, and its members, *are not immune from suits for declaratory or injunctive relief*.") (emphasis added).

resulted in the violation of [his] due process" so "this is not a suit solely based on a D.A. enforcing a child[-]support order."[12]  And he objects that, here, the district attorney "was not carrying out a state order"—the order wasn't even in his name.  But these are distinctions without a difference for immunity purposes.  As the Ninth Circuit has held, prosecutors are absolutely immune from all theories of claims based on quasi-judicial activities taken within the scope of their authority, even when "grave procedural errors" are made.[13]

      IT IS THEREFORE ORDERED that Smith's objections [ECF No. 8] are OVERRULED and the Report and Recommendation **[ECF No. 7] is ADOPTED**.  This action is DISMISSED with prejudice.  The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.  *In forma pauperis* status should not continue on appeal.

                                                _____
                                                U.S. District Judge Jennifer A. Dorsey
                                                Dated: July 12, 2022

---

[12] ECF No. 8 at 1.

[13] *Ashelman v. Pope*, 793 F.2d 1072, 1077–78 (9th Cir. 1986).